**Michael Philip LONG, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–217–CR.**

Court of Appeals of Texas, Fort Worth.

March 30, 1983.

**364**

Larry P. Frith, Houston, for appellant.

Jerry Cobb, Dist. Atty. and Kevin L. Henry, Asst. Dist. Atty., Denton, for State.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Michael Philip Long, Jr., was convicted by a jury of driving while intoxicated, (V.A.T.S. art. 6701*l*-1) and sentenced to 30 days probated for two years and a four hundred twenty dollar ($420.00) fine.

We affirm.

Long raises three grounds of error attacking the State's expert opinion testimony. The first ground asserts that the trial court erred in admitting a chart purporting to be an "Intoxication Graph" as such was hearsay and it was admitted over his timely objection. The second and third grounds of error complain that the expert opinion testimony was not based on evidence properly before the jury and amounted to a legal conclusion.

The record shows that Long was stopped in Lewisville, Texas for speeding. He was asked for his drivers license and to step to the rear of his car. The D.P.S. trooper who stopped Long detected the odor of alcohol on his breath and noticed that he walked unsteadily and that his eyes were red and bloodshot. Long was taken into custody and transported to the Denton County Sheriff's office for an Intoxilizer test. The test showed a .20 reading—meaning a .20 percent alcohol concentration in his bloodstream.

At trial, the State called Mr. David Lamb as an expert witness in the field of toxicology; specifically, to describe the effects of the consumption of alcoholic beverages on the human body, to discuss the Intoxilizer device used to measure blood alcohol concentrations, and to interpret the readings from such device. After being qualified as an expert, Mr. Lamb gave a detailed description of the behavior of alcohol in the body and its effects on the body. He testified that in his opinion all persons are intoxicated at .08 percent blood alcohol, that that was his opinion and not the law, and that an individual who had a .20 percent alcohol concentration would definitely be intoxicated.

To help illustrate Mr. Lamb's testimony, the State introduced what purported to be an "Intoxication Graph" as evidence of the effects of alcohol in the blood at certain blood alcohol levels. The graph was taken from the Texas Alcohol Breath Testing Program Manual which Mr. Lamb co-authored. The introduction of this graph was clearly error. An expert may corroborate his opinions by referring to scientific authorities, *Hoffman v. State,* 397 S.W.2d 461 (Tex.Cr.App.1965), but this does not mean that these authorities may be introduced into evidence as exhibits. They are clearly hearsay and, as such, are of no

probative value as evidence. *Bonds v. State,* 573 S.W.2d 528 (Tex.Cr.App.1978). The fact that Mr. Lamb helped make the graph does not change this result. It contains out of court statements introduced to prove the truth of the matter asserted—the classic definition of hearsay.

Having found that the introduction of the graph was error, we also find that the error was harmless. The evidence is undisputed that Long's test result showed a .20 blood alcohol level. Mr. Lamb testified that in his opinion an individual with this level of alcohol concentration in the bloodstream would definitely be intoxicated. The jury was instructed as to the statutory presumption of intoxication at a .10 blood alcohol concentration. The D.P.S. trooper testified that Long was unsteady and his eyes were bloodshot when he was stopped. There is overwhelming evidence in this record, exclusive of the graph, of Long's guilt. In the face of overwhelming evidence, the introduction of the graph was harmless error. *See Hawkins v. State,* 613 S.W.2d 720 (Tex.Cr.App. 1981), *cert. denied,* 454 U.S. 919, 102 S.Ct. 422, 70 L.Ed.2d 231; *Beck v. State,* 583 S.W.2d 338 (Tex.Cr.App.1979). Ground of error one is overruled.

■ The second and third grounds of error complain that the expert opinion testimony was not based on evidence properly before the jury and amounted to a legal conclusion. As stated above, an expert may corroborate his opinions by referring to scientific authorities. *Hoffman v. State, supra.* Further, the former doctrine which prohibited testimony which would invade the province of the jury no longer applies with respect to opinion testimony to prove intoxication. *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App.1978); *Mays v. State,* 563 S.W.2d 260 (Tex.Cr.App.1978). Mr. Lamb made no effort to tell the jury that the legal presumption of intoxication arises at any less than the level of .10 percent. He merely said that in his opinion individuals with a .08 percent blood alcohol level are intoxicated in the sense of the legal definition, which is a loss of use of their mental and physical faculties. Grounds of error two and three are overruled.

The judgment is affirmed.