**The STATE of Texas, Appellant,**

v.

**Ernest Hiram DENTON, Appellee.**

**No. C14–88–1038–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 25, 1989.

Rehearing Overruled June 22, 1989.

Daniel W. Leedy, Co. Atty., Bellville, for appellant.

Conrad Day, Bellville, for appellee.

Before PRESSLER, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

The State of Texas, through its County Attorney for Austin County, appeals the trial court's order granting appellee's motion to suppress evidence. We affirm.

On December 29, 1987, appellee, Ernest Denton was involved in a motor vehicle accident in Austin County. He was taken to the nearest hospital, Bohne Memorial Hospital in Washington County. At the hospital, appellee consented to the taking of a specimen of his blood by a registered nurse. The blood sample indicated intoxication, which resulted in D.W.I. (second offense) charges being filed against appellee. Before trial, appellee filed a motion to suppress evidence of the blood sample for the reason that the State did not comply with article 6701*l*-5 § 3(c) of the Texas Revised Civil Statutes which provides:

> The sample must be taken in a sanitary place inspected on a periodic basis by the county in which the sample is taken ...

After a hearing, the trial court granted appellee's motion to suppress the introduction into evidence of his blood sample.

In point of error one, the State advances two arguments contending the trial court erred in granting the motion to suppress. These arguments will be dealt with separately, keeping in mind that the sole question before this appellate court is whether the trial court, by granting the motion to suppress, abused its discretion. *Horne v. State*, 506 S.W.2d 596 (Tex.Crim.App.1974).

■ First, the State urges that the "quality" of an inspection is a matter which goes to the weight of such evidence and not its admissibility. Therefore, according to the State, the trial court's disapproval of Bohne hospital's method of inspection should not have precluded submission of such facts before the jury. In support of its contention, the State argues that trial courts should grant suppression motions only when the facts establish the legality or illegality of the obtained evidence as matter of law. *See e.g., Turner v. State*, 734 S.W.2d 186 (Tex.App.—Dallas 1987, no pet.). The State cites *Mendoza v. State*, 522 S.W.2d 444 (Tex.Crim.App.1977), for the proposition that the issue of how evidence was obtained or maintained is a question of reliability which should not be excluded from the jury.

It is well settled that the trial court is the factfinder in a pretrial suppression hearing. The court may choose to believe or disbelieve any or all of a witness' testimony. *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim. App.1980); *Luckett v. State*, 586 S.W.2d 524 (Tex.Crim.App.1979). The State's reliance on *Mendoza* is without merit. The holding in *Mendoza* advances the principle that as a factfinder, the trial court has the discretion to weigh the evidence, assess its credibility and, accordingly, determine its admissibility. Because the trial court has broad discretion in determining the admissibility of evidence, and appellate court will not reverse unless a clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Crim.App.1976). For the reasons more fully developed below, we conclude that the trial court did not abuse

its discretion by granting the motion to suppress.

■ The State next complains that the court erred by failing to apply the common definition to the words: "inspection," "periodic" and "by the county." The State contends the affidavit of the local county health authority, Dr. Hasskarl, established compliance with article 6701*l*–5 § 3(c). Dr. Hasskarl's affidavit states:

I am the County Health Authority for Washington County. I have served Washington County in this capacity for fifteen (15) years. I was appointed by the Washington County Commissioner's Court. As County Health Authority I perform all duties that are necessary to enforce any law to protect the public of the citizens of Washington County. I am not aware of any other official of Washington County who inspects Bohne Hospital.

I frequently investigate reported septic tank violations and possible health violations at eating places in Washington County. If I find a violation of a County Ordinance, I report it to the County Attorney and Commissioners' Court. If I find a violation of state law, I report it to the Texas Board of Health.

I am on the active medical staff of Bohne Hospital and have full staff privileges. I have been on the staff since 1953. I know that Bohne Hospital, including the emergency room, is a clean and sanitary place, appropriate for the taking of blood specimens.

As a staff member of Bohne Hospital, I use the instruments and supplies in my medical practice. Unsanitary hospital instruments and supplies are easy to identify ...

Bohne Hospital is currently licensed and was licensed on December 29, 1987 by the Texas Department of Health. Bohne Hospital is also accredited by the American Hospital Association. The Joint Commission on Accreditation of Hospitals re-accredited Bohne Hospital in October, 1986, for three years. The Joint Commission sets standards for patient care for every department of the hospital. I am present at Bohne Hospital several times a week and in the emergency room at least once a week. On December 19, 1987, I was in the emergency room with a female patient who had suffered a stroke. I was at Bohne Hospital with this patient who had suffered a stroke. I was at Bohne Hospital with this patient seven of the next nine days including December 28, 1987. At all times I found Bohne Hospital to be a sanitary place ...

The State urges that the trial court, by not following the common meaning of article 6701*l*–5 § 3(c), placed an undue burden upon the State to show "the process of an inspection" rather than the intended result. The State concludes that, as to the requisite "inspection," Dr. Hasskarl opined that the hospital was sanitary. As to the interpretation of "periodic," the State argues that Dr. Hasskarl's presence at the hospital, "at least once a week," sufficed as statutory compliance. As to the interpretation of "by the county," the State argues that the trial court's interpretation places the requirement of inspection solely upon the county and fails to acknowledge Dr. Hasskarl's ability, as County Health Authority, to do the same.

The State nowhere asserts that article 6701*l*–5 § 3(c) is unclear or ambiguous, nor is there any reason to embark upon a statutory construction. It is apparent from Dr. Hasskarl's affidavit that his presence at Bohne Hospital and his observations on those occasions were not stated to be visits in his capacity as a health official. *Cf.* TEX.REV.CIV.STAT.ANN. art. 4436b § 2.03 (Vernon Supp.1989). Moreover, no field notes, reports or inspection documents are of record to prove that Dr. Hasskarl's frequent observations were inspections which were made in his official capacity while "assisting and aiding the Board." TEX.REV. CIV.STAT.ANN. art. 4436b § 3.01(a)(2); art. 4437h § 2(2) (Vernon Supp.1989).

■ That Bohne Hospital is a licensed, accredited hospital within the State of Texas does not prove compliance with local or county ordinances, rules or regulations relating to sanitation as required by article

6701*l*–5 § 3(c). That is not to say that such local or county rules may not provide for compliance by virtue of possessing a hospital license. However, nothing appears of record to support this premise. TEX.REV. CIV.STAT.ANN. art. 4437f § 7(b); 4436b § 3.01(a) (Vernon Supp.1989). The State failed to discharge its burden of showing that the trial court abused its discretion in granting the motion to suppress evidence. The sole point of error is overruled.

The judgment is affirmed.