**Andrew Young PARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00962–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 1990.

Rehearing Denied June 28, 1990.

Discretionary Review Refused
Oct. 3, 1990.

---

1. *See Peckham,* 719 F.2d 1063, *modified,* 724 F.2d 100 (10th Cir.1983).

James R. Walker, Jr., Houston, for appellant.

Marshall A. Shelsy, J. Harvey Hudson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Injured in an automobile accident, appellant Andrew Young Park was being treated at Spring Branch Memorial Hospital when a police officer requested his permission to take a blood sample. The Harris County medical examiner's office analyzed the sample and found an alcohol concentration of .18; appellant was charged with driving while intoxicated. The trial court denied appellant's motion to suppress evidence of the blood test although the hospital where the test was taken was not periodically inspected by Harris County, as required by statute at the time of the accident. Appellant then pled nolo contendere pursuant to a plea bargain agreement; the trial court accepted appellant's plea and assessed a punishment of two years' probation and a $2,000.00 fine. In his sole point of error, appellant contends the trial court erred in overruling his motion to suppress because the hospital was not periodically inspected by the county. We affirm.

On March 26, 1989, the day of the accident, TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(c) provided, in pertinent part:

> When a person gives a specimen of blood at the request or order of a peace officer under the provisions of this Act, only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may withdraw a blood specimen for the purpose of determining the alcohol concentration or presence of a controlled substance or drug therein. *The sample must be taken in a sanitary place inspected on a periodic basis by the county in which the sample is taken.*

(emphasis added). Although appellant stipulated to testimony that the hospital is licensed by the Texas State Board of Medical Examiners, the record reveals no evidence that the hospital was periodically inspected by the county. In lieu of proof of a periodic county inspection, this Court has held that a licensed, accredited hospital did not meet the statute's requirements. *State v. Denton,* 772 S.W.2d 537 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). However, effective June 15, 1989, the Legislature removed the inspection requirement for such blood tests, taken at the request or order of a peace officer, which are performed at sanitary locations licensed by the Texas State Board of Medical Examiners. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(d) (Vernon Supp.1990).

The procedure also was changed to allow such samples to be taken at sanitary places not licensed by the state board of medical

examiners if they are periodically inspected by an agency of the state *or* by the county. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(c) (Vernon Supp.1990) (emphasis added). Appellant also stipulated to testimony that Spring Branch Memorial Hospital was a sanitary place which the state periodically inspected.

The State contends the changes in the statute are applicable although they became effective after appellant's blood sample was taken but before appellant's trial. We agree. The statutory changes affect no substantive rights of the defendant. Nor do they constitute substantive law defining criminal acts or providing for penalties; they are procedural in nature. *Ex parte Johnson,* 697 S.W.2d 605, 607 (Tex. Crim.App.1985). In the absence of express legislative intent to the contrary, the changes apply from their effective date to both pending and future actions. *Id.* Thus, the trial court properly denied appellant's motion to suppress evidence of the blood sample which met procedural requirements of the statute in effect at the time of trial.

We affirm the judgment of the trial court.