Ted Ramon ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00337–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 11, 1991.

Henry C. Paine, Bryan, for appellant.

James Kubiak, Brazos Co. Atty., Richard Price, Asst. Co. Atty., for appellee.

Before COHEN, O'CONNOR and BISSETT\*, JJ.

\* The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals, Thirteenth District of Texas, participating by assignment.

1. Act of June 18, 1987, 70th Leg., R.S., ch. 591, 1987 Tex.Gen.Laws 2316, 2316, *amended by* Act of June 15, 1989, 71st Leg., R.S., ch. 963, § 1, 1989 Tex.Gen.Laws 4040, 4041.

OPINION

COHEN, Justice.

A jury convicted appellant of driving while intoxicated and assessed punishment at one year confinement and a $1000.00 fine, both probated for 548 days.

Appellant contends that the court erred by admitting results of a blood test without the proper predicate. The statute, at the time of the arrest, provided:

> When a person gives a specimen of blood at the request or order of a peace office under the provisions of this Act, only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may withdraw a blood specimen for the purpose of determining the alcohol concentration or presence of a controlled substance or drug therein. *The sample must be taken in a sanitary place, and such place must be inspected on a periodic basis by the county in which the sample is taken.*

TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, § 3(c) [1] (emphasis added).

Appellant claims there was no evidence the sample was taken in an inspected, sanitary place because the sample was taken in the emergency room of St. Joseph's Hospital, and evidence showed that the lab, rather than the emergency room, was inspected. Furthermore, he contends the evidence shows only that the lab was inspected almost a year after the sample was taken, and thus, there is no evidence it was sanitary when he gave blood.

The legislature has deleted the inspection requirement for locations licensed by the State Board of Medical Examiners. TEX. REV.CIV.STAT.ANN. art. 6701*l*-5, § 3(d) (Vernon Supp.1991).[2] The new law became effective June 15, 1989, after appellant's arrest but before his trial. Therefore, the State contends it did not have to prove the hospital was regularly inspected.

2. Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 4, 1983 Tex.Gen.Laws 1568, 1583, *amended by* Act of June 15, 1989, 71st Leg., R.S., ch. 963, § 1, 1989 Tex.Gen.Laws 4040, 4041.

The amendment has been held to be procedural, and thus applicable to pending cases. *Park v. State*, 792 S.W.2d 766, 768 (Tex.App.—Houston [14th Dist.] 1990, no pet.) Appellant was arrested on March 9, 1988 and tried in February 1990; thus, the amended statute applies to him. However, the State did not prove that St. Joseph's Hospital was licensed by the Board of Medical Examiners. Consequently, the State had to show the statutory predicate for admitting the evidence.

■ The court admitted a business record and affidavit made by a Brazos County Health Department nurse. It stated, "This is to certify that I ... have inspected St. Joseph's (lab) certificate number 45–0011 for sanitary conditions and have found this facility to be in compliance with established guidelines." The inspection certificate was dated February 23, 1989. Appellant contends that an inspection on February 23, 1989 does not show the sanitary condition when blood was drawn, March 9, 1988. The statute does not require such evidence. It requires that a "periodic" inspection be done, not an inspection on the date blood was drawn. Even without the nurse's affidavit, the trial judge could have concluded that St. Joseph's Hospital was a "sanitary place," thus satisfying the first part of the statutory predicate.

■ The second part of the statutory predicate is the requirement for a periodic county inspection of the place where blood is drawn. The State did not prove that the place where blood was drawn, St. Joseph's Hospital, was "inspected on a periodic basis by the county." The evidence showed only one inspection. Evidence of a single inspection does not show the hospital was inspected "on a periodic basis." *Garcia v. State*, 571 S.W.2d 896, 900 (Tex.Crim.App. [Panel Op.] 1978) (defendant's single use of drugs is not a "habit" that would allow revocation of probation). Appellant's trial objection, however, did not state that the predicate was deficient in this respect. We hold the trial court did not abuse its discretion.

The first point of error is overruled.

■ Appellant next contends the court erred by allowing a chemist to define legal intoxication incorrectly for the jury. The State's chemist testified that anyone with an alcohol concentration of 0.08 grams per 100 milliliters of blood would be intoxicated. Appellant's blood alcohol level was 0.10 percent. Appellant contends, without citing authority, that this was error because it lowered the 0.10 percent blood alcohol concentration level that was set by the legislature. He further contends the testimony invaded the province of the jury.

The chemist's opinion concerned intoxication in humans, not what constituted a *legal* presumption of intoxication. There is a legal presumption of intoxication with a blood alcohol concentration of 0.10 percent. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(a)(2)(B) (Vernon Supp.1991). The information alleged that appellant was intoxicated "by not having use of mental or physical faculties by reason of the introduction of alcohol into the body and by having an alcohol concentration of 0.10 or more...." The jury charge provided:

A person is intoxicated within the meaning of the law when such person:

(a) does not have the normal use of his physical or mental faculties by reason of the introduction of alcohol; or

(b) has an alcohol concentration of 0.10 or more.

The State was required to prove the allegations in the information and charge beyond a reasonable doubt. *Taylor v. State*, 637 S.W.2d 929, 932–33 (Tex.Crim.App. [Panel Op.] 1982). The chemist's testimony was relevant to show that appellant did not have the normal use of his faculties. The statutory elements were established by the information and jury charge, not by the chemist's testimony.

The rule prohibiting testimony that invades the province of the jury no longer applies to intoxication. In *Long v. State*, 649 S.W.2d 363, 365 (Tex.App.—Fort Worth 1983, pet. ref'd), a chemist gave his opinion that a person with 0.08 percent blood alcohol level was intoxicated under the legal definition because at that level there is loss

of mental and physical faculties. The court held that the chemist had not stated the legal presumption of intoxication arises at any blood alcohol level less than 0.10 percent, and there was no error admitting the testimony. *Id.* at 365. The chemist here did not lower the legal presumption; he merely gave his opinion concerning intoxication due to loss of faculties. The trial court did not err.

The second point of error is overruled.

 Appellant next contends the trial court erred in overruling his objection to the prosecutor's comment on his failure to testify.

During appellant's closing argument, the following exchange took place:

Appellant: Ted made a mistake of running the red light. He's guilty of running a red light. They didn't even write him a ticket for running a red light, though. That's the kind of officer Officer Patterson is; didn't even write him a ticket for running a red light.

State: I object, Your Honor. There is no evidence in this courtroom that says that.

Appellant: The officer testified that he didn't.

State: If he's going to testify, let him bring it up in direct, Your Honor, or put on a witness.

Appellant: I'm going to object, Your Honor. It's an indirect comment on the failure of the defendant to testify.

State: I object that the man is testifying while he is doing closing, Your Honor.

We must consider the language from the jury's standpoint. *Griffin v. State*, 554 S.W.2d 688, 689 (Tex.Crim.App.1977). The statement must be one that the jury would necessarily take as a comment on appellant's failure to testify. *Id.* at 691. An implied or indirect allusion is not sufficient. *Id.* at 689–90.

The prosecutor's comments disputed testimony about whether Officer Patterson wrote a ticket. Such comments would not necessarily be taken by the jury as a comment on *appellant's* failure to testify. Patterson did not testify that he did not write a ticket, as appellant claimed, and the prosecutor's comment suggests that appellant should have called Patterson to testify on that subject. The prosecutor's indirect comment did not call for testimony that only appellant could give. *Short v. State*, 658 S.W.2d 250, 257 (Tex.App.—Houston [1st Dist.] 1983) (Cohen, J., concurring), *aff'd*, 671 S.W.2d 888 (Tex.Crim.App.1984). It was equally known to Patterson, who testified. We hold that the statement was not necessarily a comment on appellant's failure to testify.

The third point of error is overruled.

The judgment is affirmed.