NO. 07-07-0112-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 8, 2008
______________________________

LEONARDO JIMENEZ, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

Memorandum Opinion
_______________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410,177; HON. JIM BOB DARNELL, PRESIDING
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Leonardo Jimenez was convicted of felony driving while intoxicated. He contests
that conviction, in two issues, by contending that the trial court erred in failing to grant a
motion to suppress his blood alcohol results; those results were purportedly subject to
suppression because the State failed to prove the blood draw complied with §724.017 of
the Transportation Code. We affirm the judgment.
          Section 724.017 provides that “[o]nly a physician, qualified technician, chemist,
registered professional nurse, or licensed vocational nurse may take a blood specimen at
the request or order of a peace officer” when a person is under arrest for driving while
intoxicated. Tex. Transp. Code Ann. §724.017(a) (Vernon 1999). The statute further
provides that the blood specimen must be taken in a sanitary place. Id. According to
appellant, the State failed to meet its burden to show that one of the persons designated
under the statute took the blood sample and that it was taken in a sanitary place.


 
Because it allegedly so failed, the evidence should have been excluded. We disagree.
          Evidence appears of record illustrating that the blood was drawn by a “registered
nurse” at the University Medical Center. We can take judicial notice that the University
Medical Center is a hospital. Grimes v. State, 135 S.W.3d 803, 821 (Tex. App.–Houston
[14th Dist.] 2004, no pet.) (stating that an appellate court may take judicial notice of
commonly known facts). Moreover, a hospital is a sanitary place within the contemplation
of §724.017. See Adams v. State, 808 S.W.2d 250, 252 (Tex. App.–Houston [1st Dist.]
1991, no pet.) (so stating). Thus, the record supports the trial court’s decision to overrule
appellant’s motion, given these circumstances.
          Appellant’s arguments are overruled, and the judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.