NO. 07-07-0112-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 8, 2008

_____

LEONARDO JIMENEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

***Memorandum Opinion***

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410,177; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Leonardo Jimenez was convicted of felony driving while intoxicated. He contests that conviction, in two issues, by contending that the trial court erred in failing to grant a motion to suppress his blood alcohol results; those results were purportedly subject to suppression because the State failed to prove the blood draw complied with §724.017 of the Transportation Code. We affirm the judgment.

Section 724.017 provides that "[o]nly a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may take a blood specimen at

the request or order of a peace officer" when a person is under arrest for driving while intoxicated. TEX. TRANSP. CODE ANN. §724.017(a) (Vernon 1999). The statute further provides that the blood specimen must be taken in a sanitary place. *Id.* According to appellant, the State failed to meet its burden to show that one of the persons designated under the statute took the blood sample and that it was taken in a sanitary place.[1] Because it allegedly so failed, the evidence should have been excluded. We disagree.

Evidence appears of record illustrating that the blood was drawn by a "registered nurse" at the University Medical Center. We can take judicial notice that the University Medical Center is a hospital. *Grimes v. State,* 135 S.W.3d 803, 821 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (stating that an appellate court may take judicial notice of commonly known facts). Moreover, a hospital is a sanitary place within the contemplation of §724.017. *See Adams v. State*, 808 S.W.2d 250, 252 (Tex. App.–Houston [1st Dist.] 1991, no pet.) (so stating). Thus, the record supports the trial court's decision to overrule appellant's motion, given these circumstances.

Appellant's arguments are overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

---

[1]Appellant also argues on appeal that the State failed to show compliance by the nurse with the Department of Public Safety instructions for the drawing of the blood. We find the point baseless. This is so because while the motion to suppress mentioned compliance with procedures of which the Department of Public Safety approved, the passage concluded with the phrase "as required by §724.017" of the Transportation Code. So, appellant effectively restricted his dispute to compliance with §724.017. More importantly, that section of the code says nothing about requiring the department to approve particular methods or procedures for drawing blood. So, the argument is baseless.