**Opinion filed July 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00214-CR

_____

## BRITTANY REDDEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from County Criminal Court Number Six**
**Tarrant County, Texas**
**Trial Court Cause No. 1204249**

## M E M O R A N D U M   O P I N I O N

Brittany Redden appeals her jury conviction for the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014). The trial court assessed her punishment at confinement for a term of ninety days in jail, a $750 fine, and suspension of her driver's license for ninety days. However, the trial court suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for a term of one year. In a single issue on

appeal, Appellant argues that the trial court erred when it admitted testimony from the State's expert witness. We affirm.

*Background Facts*

While off-duty, Officer Jerome Pruitt of the DFW Airport Police observed Appellant driving on Airfield Drive near the DFW Airport. He noticed that Appellant swerved out of her lane twice and ran a stop sign without slowing down. He contacted communications for the DFW Airport Police to ask for another officer to assist him. Officer Pruitt continued to follow Appellant to the DFW Airport police station, where Appellant pulled in front of a secured gate that led to the police parking lot and airport runways.

Ashley Terry, a police sergeant at DFW Airport, testified that she was dispatched to help with a possible intoxicated driver and that she initiated her lights to stop Appellant. She smelled alcohol when she approached Appellant's vehicle. Based on her time spent with Appellant, she believed that Appellant could not safely operate a motor vehicle because of intoxication.

David Hornsbee, a police officer at DFW Airport, testified that he administered the standardized field sobriety tests to Appellant and that Appellant showed signs of intoxication for each test. A police videotape shows Appellant sway, stumble, and lose balance during the tests. Officer Hornsbee subsequently arrested Appellant because he believed that she had operated a motor vehicle in a public place while intoxicated and that she had lost the normal use of her physical faculties.

Eric Beene, an officer with the DFW Airport Department of Public Safety, testified that he administered two breath tests to Appellant. The breath tests showed that Appellant had blood alcohol concentration (BAC) levels of 0.151 and 0.133. Beene testified that he believed that Appellant was intoxicated to the degree that she

2

could not safely operate a motor vehicle. Appellant admitted to drinking one beer and one mixed drink.

Appellant's issue on appeal concerns a portion of the testimony from Sarah Skiles, a senior forensic analyst with the Tarrant County Medical Examiner's Office. Skiles is a technical supervisor in the breath testing program for Tarrant County. Among other things, she testified about the effect of alcohol on a person's abilities. Specifically, the prosecutor asked her "[d]o you have an opinion based on your experience and the training you've received as to the alcohol concentration at which a person does not have the normal use of mental or physical faculties?" Appellant's trial counsel lodged the following objection to the question:

> I'm going to object to that question being answered because I don't think that it is relevant. The question here for the jury is as - as Ms. Redden, on this occasion, lost or not lost the normal use of her mental faculties or physical faculties or has she tested above the legal limit. To make a general statement about this person's opinion as to when that happens is not relevant to the question of law that is here before the jury. You know, obviously, any evidence regarding Ms. Redden's case specifically would be relevant but just some general number as a result of some other study, background, whatever is not relevant. And the danger of letting it in is that it is more prejudicial than probative under the rules of evidence here in Texas. Any probative value would be outweighed by the prejudice because basically what it does is it subliminally lowers the burden of proof that's required by the state of Texas.
>
> In other words, well, this person has studied this a lot and if they say it's down here, maybe that's where it really is, even though the law doesn't require that at all.

The prosecutor responded to Appellant's objection by informing the trial court that the State wanted to "give the jury some understanding of what the numbers actually mean" with reference to a person's BAC level. After the trial court overruled Appellant's objection, Skiles testified "[t]hat by about .04 or .05, the majority of people are significantly impaired." The prosecutor then asked her a follow-up

3

question to clarify that Skiles's use of the term "the majority of people" indicates that her opinion does not "hold true for every single individual." Skiles subsequently testified that the two breath tests taken of Appellant were 0.151 and 0.133. She also testified that she estimated that Appellant's BAC level was approximately 0.14 at the time that Officer Terry stopped Appellant.

*Analysis*

In her sole issue, Appellant argues that the trial court erred when it admitted Skiles's testimony that we recited above. We review a trial court's ruling on admissibility of evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001).

Appellant directs the bulk of her arguments on appeal at the answer given by Skiles rather than the question asked by the prosecutor. She challenges Skiles's response that "the majority of people are significantly impaired" at BAC levels lower than the per se legal limit of 0.08. Appellant argues that Skiles's response was not relevant because she made no effort to tie her proffered testimony to the particular facts of the case. Specifically, Appellant contends that Skiles's testimony was deficient because it did not indicate (1) what percentage of the population constitutes "the majority of people" whom Skiles believes become "significantly impaired" when their BAC is "about .04 or .05"; (2) the specific characteristics Skiles observed or learned about Appellant that makes her believe Appellant is part of the undefined "majority of people"; or (3) the correlation, if any, between the status of being "significantly impaired" and "loss of normal use."

While Appellant objected to the question asked by the prosecutor, she did not subsequently object to the response given by Skiles. Accordingly, Appellant has not preserved error for her complaints regarding Skiles's response. *See* TEX. R. APP. P.

4

33.1; *see also In re. L.M.M.*, No. 03-11-00127-CV, 2012 WL 2979054, at *5 (Tex. App.—Austin July 11, 2012, no pet.) (If the answer exceeds the scope of the question and the witness provides impermissible expert testimony, appellant is required to object immediately following the answer.). In other words, Appellant preserved error regarding her contention that the prosecution asked an objectionable question, but she did not preserve error on her contention that Skiles gave an objectionable answer. Accordingly, we limit our review to Appellant's objection to the prosecutor's question.

We conclude that the trial court did not abuse its discretion by overruling Appellant's objection to the prosecutor's question. As noted previously, Appellant objected to the prosecutor's question on the grounds of relevancy and Rule 403. Appellant cites Rule 702 as the basis of her relevancy argument on appeal. TEX. R. EVID. 702. Rule 702 is a rule governing the admissibility of expert testimony. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Rule 702 has a relevancy component. *Id.* The relevance inquiry under Rule 702 is whether evidence "'will assist the trier of fact' and is sufficiently tied to the facts of the case." *Id.* at 438 (citing *Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996)). Additionally, Rule 401 provides that relevant evidence is evidence that has any tendency to make the existence of any consequential fact more or less probable than it would be without the evidence. TEX. R. EVID. 401; *see Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). "Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence." *Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004). It is important, when determining whether evidence is relevant, that courts examine the purpose for which the evidence is being introduced. *Layton*, 280 S.W.3d at 240. It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved. *Id.*

Under the Texas DWI statute, intoxication may be proven in either of two ways: (1) loss of normal use of mental or physical faculties; or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more. TEX. PEN. CODE ANN. § 49.01(2) (West 2011); *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). The first definition is the "'impairment' theory", while the second is the "'per se' theory". *Kirsch*, 306 S.W.3d at 743. They are not mutually exclusive, and as long as there is evidence that would support both definitions, both theories are submitted in the jury charge. *Id.*; *see State v. Mechler*, 153 S.W.3d 435, 441 (Tex. Crim. App. 2005). In this appeal, the trial court submitted both the impairment theory and the per se theory in the jury charge.

Appellant cites two opinions wherein our sister courts of appeals upheld the admission of similar testimony.[1] In *Long v. State*, 649 S.W.2d 363, 364 (Tex. App.—Fort Worth 1983, pet. ref'd), the State's toxicology expert testified that, in his opinion, all persons are intoxicated at .08 percent blood alcohol.[2] The Fort Worth Court of Appeals concluded that the expert merely stated his opinion that persons with a blood alcohol limit of 0.08 have lost the use of their mental and physical faculties. *Long*, 649 S.W.2d at 364. In *Adams v. State*, 808 S.W.2d 250, 252 (Tex. App.—Houston [1st Dist.] 1991, no pet.), the State's chemist testified that anyone with an alcohol concentration of .08 or above was intoxicated. The First Court of Appeals held that the State's expert was merely giving his opinion concerning intoxication due to loss of faculties. *Adams*, 808 S.W.2d at 252–53.

Appellant contends that *Long* and *Adams* are legally and factually distinguishable because neither conducted a relevancy analysis under Rule 702 and the experts offered their opinions about when all people become intoxicated rather

---

[1]We commend Appellant for her candor with the court in citing authority that would appear to be negative to her position on appeal.

[2]Both *Long* and the other case cited by Appellant were decided when the per se level of intoxication was a BAC of 0.10.

than a majority of people. We disagree with Appellant's contention that *Long* and *Adams* are distinguishable. *Long* and *Adams* stand for the proposition that a toxicology expert may give an opinion regarding his or her belief of when a person is intoxicated under the impairment theory of intoxication as it relates to a person's possible BAC level. *See also Fernandez v. State*, 915 S.W.2d 572, 576–77 (Tex. App.—San Antonio 1996, no pet.) (relying on *Adams*). As the prosecutor noted, the question was asked of Skiles so that she could "give the jury some understanding of what the numbers actually mean." Accordingly, the question was relevant to the State's impairment theory of intoxication. Additionally, the prosecutor premised her question to Skiles on when "a person does not have the normal use of mental or physical faculties," which is essentially the same language used by the statute to define the impairment theory of intoxication. Accordingly, the trial court did not abuse its direction in overruling Appellant's relevancy objection.

A trial court is entitled to broad discretion in ruling on a Rule 403 objection. *Mechler*, 153 S.W.3d at 439 (citing *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex. Crim. App. 1990)). A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Id.* at 440. Applying these factors, Appellant contends that the information sought by the prosecutor was of only minor probative value. Appellant bases this contention on her previous assertion that the information sought was not relevant. We have disagreed with this assertion by determining that the information sought by the prosecutor was relevant under the impairment theory. With respect to the second factor, Appellant contends that the information sought had the potential of impressing the jury in an irrational way because Skiles might have given a number that was less than the per se level of intoxication set out in the Penal Code. However, the opinions in *Long*, *Adams*, and

7

*Fernandez* establish that the expert's opinion under the impairment theory can still be admissible even though the number given is less than the per se level of intoxication set out in the statute. Under the third factor, Appellant concedes that the time needed to develop this testimony was very brief. Finally, Appellant asserts that the State had little need for this evidence because the breath tests results were "well in excess of the legal limit."

We agree with Appellant's assessment for the fourth factor regarding the State's need for this evidence. However, we also recognize the context during which the State asked the challenged question. The question was asked near the outset of Skiles's testimony as essentially a background or general information question. The remainder of the questions asked of Skiles focused on Appellant's performance on the breath tests and her calculation of Appellant's BAC at the time she was stopped. As noted by Appellant, these numbers were "well in excess" of both the per se limit of intoxication and the numbers given by Skiles in her response to the prosecutor's question. We disagree with Appellant's assessment of the probative value of the information sought by the prosecutor or its risk of persuading the jury in an irrational, indelible way. Accordingly, we conclude that the trial court did not abuse its discretion in overruling Appellant's Rule 403 objection to the prosecutor's question.

Moreover, even if Appellant had preserved error regarding Skiles's response to the prosecutor's question, we could not conclude on this record that she was harmed by Skiles's response given the strength of the evidence supporting the per se theory of intoxication. A trial court's erroneous admission of evidence based upon an alleged misapplication of the rules of evidence constitutes non-constitutional error. *Fox v. State*, 115 S.W.3d 550, 563 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *see Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 44.2(b). When an appellate court applies Rule 44.2(b), it must disregard non-

constitutional error unless it affects the appellant's substantial rights. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). Substantial rights are not affected by the erroneous admission or exclusion of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla*, 78 S.W.3d at 355, quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Given the overwhelming evidence of her guilt, Appellant's substantial rights were not affected by Skiles's response. We overrule Appellant's sole issue.

### *This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE

July 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.