**Dewey Paul GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53467.**

Court of Criminal Appeals of Texas.

June 29, 1977.

Rehearing Denied Sept. 14, 1977.

Robert L. Rose, Dallas, court appointed on appeal, Richard C. Jenkins, Dallas, court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., William M. Lamb, Rider Scott and Dan C. Guthrie, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

Dewey Paul Griffin appeals from a conviction for the misdemeanor offense of driving while intoxicated. The jury assessed punishment at one year in jail and a fine of $500.00. He contends that the court erred in not allowing his attorney to change his plea from not guilty to guilty and in refusing to grant a mistrial after sustaining an objection to argument. We overrule both contentions and affirm.

■ Griffin personally entered a plea of "not guilty" when the court inquired of him as to his plea. Counsel then attempted on his own motion to withdraw the plea and enter a plea of "guilty" and waive a jury trial. Griffin said nothing further after his plea of "not guilty" and there is no other showing in this record that he desired to change his plea. While it is true that an attorney may enter a plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case under the provisions of Article 27.14, V.A.C.C.P., he can neither enter such a plea nor change a plea contrary to the express desire of his client. In the instant case appellant personally entered his plea; there is no showing in this record that he wished to change his plea even after his attorney attempted to get him to do so. To deny a defendant the right to enter a plea of "not guilty" or to allow his attorney to change his plea from "not guilty" to "guilty" would be to deny a defendant his rights under Articles 1.04 and 1.05, V.A.C.C.P. No error is shown.

■ He contends that certain remarks made by the prosecutor during closing argument constituted a comment on his failure to testify. The rule is well established by this Court that before an argument of the prosecution will constitute a comment on the failure of the appellant to testify the language used must be looked to from the standpoint of the jury and the implication that the language used had reference to the appellant must be a necessary one. It is

not sufficient that the language might be construed as an implied or indirect allusion. *McDaniel v. State*, 524 S.W.2d 68 (Tex.Cr. App.1975); *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr.App.1974), and cases cited therein.

Appellant did not testify at the guilt stage of the trial nor did he produce any other witnesses in his behalf. Appellant's complaint is directed at the last statement of the following remarks by the prosecutor:

"MR. SCOTT: (Prosecutor) Reasonable doubt is not speculation, conjecture or guess work. And as Mr. Guthrie told you, you are bound not by what the attorney said or asked or questioned in this case, you are bound by the evidence from the testimony that you hear from this stand. Did you hear anybody testify that the Defendant has an impairment in his hearing? Did you hear anybody testify that the Defendant had broken ankles? Did you hear anybody testify that the Defendant had been in a truck all day?"

His objection was sustained and the jury was instructed to disregard the last statement. His motion for mistrial was overruled.

For indirect comments such as this to constitute reversible error they must call for a denial of an assertion of fact or contradictory evidence that only the appellant is in a position to offer. *Nowlin v. State*, supra.

It is equally well established that counsel may in argument draw from the facts in evidence all inferences that are reasonable, fair, and legitimate and he will be afforded latitude without limitation in this respect so long as his argument is supported by the evidence and offered in good faith. See 56 Tex.Jur.2d, Trial, Section 257, page 590, and *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973).

In the instant case appellant was represented by two attorneys who vigorously attempted to impeach and discredit the State's only witnesses, the officers who had arrested appellant for the instant offense. At one point during cross-examination the following colloquy took place between Officer Kenney and appellant's counsel:

"Q. (Mr. Jenkins) You testified, I believe that he stumbled and that this was one of the factors that you based your opinion that he was under the influence. Is that correct?

"A. (Officer Kenney) It was one of the factors. Yes, sir.

"Q. Yes. That's what I asked.
     You don't know how long he had been behind the wheel of that pickup truck, do you?

"A. No, sir. I don't.

"Q. So that it's conceivable or possible that he stumbled because his legs were tired from driving a period of time?

"A. He stated he started from Garland.

"Q. Regardless of what he said, if he had been driving a long period of time and his legs were tired, that could account for the stumbling; couldn't it?

"A. Yes, sir."

During argument to the jury at the guilt stage of the proceedings, both of appellant's counsel forcibly argued that his condition could have been caused by a physical condition and that perhaps he was unable to pass the field sobriety tests administered by officers because of his health. His counsel, Mr. Rose, argued as follows:

"You have also heard the evidence that Mr. Griffin did not make public to the officer a bad neck, a bad ear, a bad leg. I suggest that holding that against Mr. Griffin, or let's say, explaining your complete medical history in front of an officer and the failure to explain your complete medical history in front of an officer, to hold that against him is absurd. It's extremely unreasonable. Moreover, I suggest it was the officer's burden to determine if there were any physical defects in Mr. Griffin before he administered these tests. The only thing we have to decide right now is the opinion of the officer. He made an opinion because the man couldn't stand up for very long a time. One officer said that his eyes were

closed and he fell down. I suggest, ladies and gentlemen of the jury, that it was up to the officer to determine if that test fit that man and if that was a fair test. He didn't even bother to see if he had weak legs. The record doesn't say that be bothered to see if he had weak legs."

■ Actually, the only inference regarding appellant's physical condition was in the form of questions put to the officers on cross-examination as to whether or not appellant had told them of his health problems. Just as it was appellant's counsel who established through Officer Kenney that it was conceivable that appellant's stumbling could have been the result of his legs being tired from driving a period of time. Officer Kenney had testified that appellant had said that he had only come from Garland. This Court can take judicial notice that Garland, a suburb of Dallas, is only minutes away from Richardson, also a suburb of Dallas. Counsel had attempted to create an inference in the mind of the jurors that appellant had failed to pass the field sobriety tests because of health and fatigue. The prosecutor has the right to argue against that inference and to call the jury's attention to his failure to support that inference. If appellant did have medical problems he could have called medical witnesses, yet his counsel's strategy in argument was that appellant should not have to explain his condition but the burden was on the arresting officers to first determine such before determining the field sobriety tests. The language used by the prosecutor was not manifestly intended nor was it of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the defendant to testify. See *McCarter v. State*, 527 S.W.2d 296 (Tex.Cr.App.1975); and *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App.1975). It was in answer to inferences to questions by and argument of his counsel. This does not constitute reversible error. In addition, the judge sustained the objection to the prosecutor's argument and instructed the jury not to consider it.

No reversible error having been shown, the judgment is affirmed.