IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-120-CR




ROGER BERNAL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 6839, HONORABLE ROBERT C. WRIGHT, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of intentionally or knowingly causing serious bodily
injury to an elderly individual. Tex. Penal Code Ann. § 22.04 (1989), since amended. The jury
assessed punishment at imprisonment for ninety-nine years.

 On Sunday afternoon, April 16, 1989, Charlie Castillo and Elmer Miller butchered
a hog in Castillo's back yard in Burnet. Several other men were present, drinking beer, including
appellant and sixty-eight-year-old Enselmo Robles. At about 3:00, appellant seized one of
Castillo's knifes and stabbed Robles.

 Appellant did not testify. A police officer who investigated the incident, however,
testified that appellant told him that Robles "came at him with a knife." Another witness, Dennis
Hahn, testified that he saw Robles bring his hand out of his pocket just before he was stabbed, and
heard appellant tell Robles "to keep it in his pocket." Hahn said he thought Robles had a knife, but he did not actually see it. No other witness saw Robles with a knife, and Robles
denied having one. The charge included an instruction on self-defense.

 In his only point of error, appellant contends that a mistrial should have been
declared when the prosecutor commented on his failure to testify. The comment came during the
State's closing argument at the guilt stage. Dismissing the suggestion that Robles attacked
appellant with a knife, the prosecutor said: "Nobody saw a pocket knife. And no statement from
Roger Bernal of [or?] any evidence that you heard or statements that he did make that he was cut." 
Appellant's objection was sustained and the jury was instructed to disregard the remark, but
appellant's motion for mistrial was overruled.

 For a statement to constitute a comment on the defendant's failure to testify, the
statement must be either manifestly intended or of such a character that the jury would naturally
and necessarily take it to be a comment on the defendant's failure to testify. Griffin v. State, 554
S.W.2d 688 (Tex. Crim. App. 1977). In this cause, the jury heard testimony describing
statements made by appellant at the time of or shortly after the incident. We believe it likely that
the jury understood the prosecutor's remark to be a reference to this testimony rather than a
reference to appellant's failure to testify. This, together with the district court's admonishment
to the jury to disregard the prosecutor's remark, leads us to conclude that reversible error is not
presented.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: March 11, 1992

[Do Not Publish]