David Allen HOUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–90–215 CR.

Court of Appeals of Texas, Beaumont.

Jan. 15, 1992.

Rehearing Denied Feb. 13, 1992.

Discretionary Review Refused May 6, 1992.

Wesley Hoyt, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., Lufkin Art Bauereiss, Asst. Dist. Atty., Lufkin, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

A jury convicted David Allen Hough, appellant, of the offense of illegal expenditure. After a presentence investigation report was ordered, the court assessed punishment at 35 years confinement in the Texas Department of Criminal Justice, Institutional Division and a $50,000 fine. Appellant raises five points of error on appeal.

The record shows that on April 6, 1990, appellant contacted one Roy Parrish and

inquired about the possibility of buying marihuana from him. Appellant apparently did not know that Parrish was working as a confidential informant for the Lufkin Police Department. Parrish went to appellant's house, contacted the police department and arranged to sell appellant over an ounce of cocaine for the price of $1,000. Appellant and Parrish rendezvoused with Kurt Nolan, a Deputy Sheriff, at a Texaco Station and exchanged $890 for 31 grams of cocaine. Parrish left with Nolan and the appellant left by himself. Sergeant David Walker and Officer Larry Jay Jost, Jr. of the Lufkin Police Department witnessed this transaction and made the actual arrest of the appellant.

The only witnesses who testified during the guilt/innocent phase of the trial were Roy Parrish, Deputy Kurt Nolan, Sergeant David Walker, Officer Larry Jay Jost, Jr., and Mr. Max Courtney, a chemist employed at Forensic Consultant Services in Fort Worth, Texas. The defendant did not testify, nor did he produce any witnesses on his behalf.

Point of error one avers that the trial court erred in failing to grant a mistrial because the prosecutor commented in his argument to the jury on the failure of the appellant to testify. In his opening jury argument the Assistant District Attorney made the following statement:

There were four, four witnesses in this case, unrebuted [sic] four witnesses, uncontradicted four witnesses who testified what happened.

Soon thereafter appellee argued:

You didn't hear any testimony about the defendant being compelled, forced, nobody place a gun in his stomach and said go down to the Texaco Station to buy dope.

The following argument was then made:

You didn't hear anything about any problems in his [the Deputy Sheriff's] background. This is a law enforcement officer, someone who is sworn and had dedicated his life to upholding the law. You heard testimony of two under cover agents here in Angelina County. Sergeant Walker and Sergeant Jost, you

heard them testify, to there [sic] observations and what did they tell you, everything was consistent. Nolan handed the drugs to whom? To that person right over there after he handed the money to Nolan and it was counted. That is unrebuted [sic] testimony. That was clear, concise and there is not one shred of evidence that changes any of it. Now I called the chemist in this case and he analyzed the cocaine. If it hadn't been cocaine, certainly you know the defendant would have called his own witness and said that's not cocaine.

At this point the appellant objected and it was sustained. The jury was also instructed to disregard any reference to calling of a witness to testify to anything. Appellant asked for a mistrial which was overruled. The Assistant District Attorney continued in his argument in discussing the total weight of the cocaine in question and then stated: "And certainly you didn't hear any testimony to rebut that did you?" At this point the appellant objected again and the court gave the jury instructions to disregard any comment about any failure of anyone to testify. A Motion for Mistrial was also overruled at this point and the judge instructed the Assistant District Attorney, "... not to allude to any reference to anybody not testifying about any issue in this case." After the appellant's summation, the Assistant District Attorney closed and at one point stated without objection:

Seen lots of witnesses both for the state and defendant do it lots of different times, nothing unusual about it. What you did hear though is all four witnesses testify to the same thing and that is David Allen Hough is the one who got the dope.

The Assistant District Attorney went on to finish his summation in stating again without objection:

What did I do, I called three law enforcement officers who witnessed this transaction and regardless of the error on the blackboard and regardless of anything else that occured [sic], they were unrebuted [sic] testimony, what they swore

to, was that David Allen Hough paid for cocaine that is undeniable.

■■■ If a defendant chooses not to testify, then the prosecution may not comment directly or indirectly on that silence and such a comment violates the United States Constitution, the Texas Constitution and Texas statutory law. See U.S. CONST. amend. V; TEX.CONST. art. I § 10; TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979); See also Bird v. State, 527 S.W.2d 891 (Tex.Crim.App.1975); Johnson v. State, 611 S.W.2d 649 (Tex.Crim.App.1981); Griffin v. State, 554 S.W.2d 688 (Tex.Crim.App. 1977). In examining the Assistant District Attorney's comments, we must determine initially if the comments were intended to be a comment on the defendant's failure to testify or if the comments were of such a character that the jury would naturally take it to be a comment on the defendant's failure to so testify. See Johnson, supra; Griffin, supra. If those comments portray certain evidence as uncontroverted, unrefuted, or uncontradicted, then it would have to be considered a comment on the defendant's failure to testify if the defendant is the only person who could controvert, refute, or contradict that evidence. See Todd v. State, 598 S.W.2d 286 (Tex. Crim.App.1980); Myers v. State, 573 S.W.2d 19 (Tex.Crim.App.1978); Pollard v. State, 552 S.W.2d 475 (Tex.Crim.App.1977). We state unequivocally that the Assistant District Attorney's comments were impermissible argument because only the defendant could have answered the evidence adduced by the State. We must now determine if the error was harmful to the appellant under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and under TEX.R.APP.P. 81(b)(2). We are guided by the recent cases of Orona v. State, 791 S.W.2d 125 (Tex.Crim.App.1990); Madden v. State, 799 S.W.2d 683 (Tex. Crim.App.1990), cert. denied, — U.S. —, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). To determine if improper jury argument by the State is harmless error or not, the proper standard of review is whether there is a reasonable possibility that the argument complained of might have contributed to the defendant's conviction or punishment

in light of the entire record from the trial court. See Orona, 791 S.W.2d at 188, and Madden, 799 S.W.2d at 700. We are not governed by the existence of overwhelming evidence to support the defendant's guilt, but we must calculate as much as possible the probable impact of error on the jury, examine the source of the error, the nature of the error, the emphasis placed by the State, and its probable collateral implications. By employing all of the standards above, this Court finds that the remarks by the Assistant District Attorney were a direct comment on the defendant's failure to testify, but we also find beyond a reasonable doubt that the jury argument did not contribute to the jury's conviction of the defendant. There is one additional element outlined in Orona which is relevant and we bring it to the attention of appellee. The Court of Criminal Appeals stated that in addition to considering how much weight a juror would place upon the error, the court must determine whether declaring error harmless would encourage the State to repeat it with impunity. We are optimistic that such repetition will not occur. We overrule appellant's point of error number one.

■■ Appellant's point of error number two alleges error on the part of the Assistant District Attorney in improperly attacking the defense attorney during closing argument. This point of conjecture centers around the diagram of the crime scene having been drawn on a courtroom blackboard. Neither side introduced the diagram into evidence. After both sides rested and prior to final summations, the blackboard was erased by the Assistant District Attorney. Appellant's counsel argued to the jury that, "Never before have I ever been involved in a case where after the judge left, the jury left, and I left, the Assistant District Attorney erased the blackboard." After the Assistant District Attorney's objections were overruled twice, defense attorney went on to state, "I turned to the audience and said who erased the blackboard and they pointed to him and he then admitted he erased the blackboard and why did he do it." The defense attorney went on to ask several questions in the vein of who hired an undercover agent.

He then stated, "And who hired that person? The same people that erased the blackboard." Shortly thereafter the defense attorney again asked, "Why was it necessary to erase the blackboard?" All of this transpired prior to the alleged improper argument by the Assistant District Attorney as asserted by the appellant herein. It is obvious at this point that the appellant opened the door to this line of argument and therefore, cannot be heard to complain at this time. For the "invited argument rule" *see Pyles v. State*, 755 S.W.2d 98 (Tex.Crim.App.), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). Point of error two is overruled.

■ Point of error three alleges that the prosecutor made improper argument in urging the jury to convict the appellant of crimes of which he was not charged in the indictment. The error allegedly occurred during final argument when the Assistant District Attorney stated:

> Which do you think is the greater danger in Lufkin, Texas? That your sons and daughters and your grandparents are going to be caught up with Roys threat or your third graders and forth [sic] graders are likely to find someone selling cocaine?

Defense counsel objected that the Assistant District Attorney was going outside the record to inflame the jury. After the court overruled the objection, the Assistant District Attorney made the same argument essentially without objection from defense counsel. We hold that the error, if any, was harmless in view of any impact on the jury, the content of the jury arguments, and the evidence presented at trial. *See Harris v. State*, 790 S.W.2d 568 (Tex.Crim. App.1989). Point of error three is overruled.

■ Appellant's point of error number four alleges that the State failed to prove the allegations in the indictment that the offense involved cocaine in an amount in excess of 28 grams. The record shows that the contraband received by the appellant contained 31.87 grams of a substance which was examined by a chemist who testified that the contents of the substance were 88.4721% cocaine hydrochloride, which is contained in the definition of cocaine under the Texas Controlled Substances Act. At 88.47% there would be slightly more than 28.19 grams of cocaine. We view the evidence in the light most favorable to the verdict. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983). *See also Williams v. State*, 692 S.W.2d 671 (Tex.Crim.App.1984). We overrule appellant's point of error number four.

■ Point of error number five alleges that TEX.HEALTH & SAFETY CODE ANN. § 481.- 126 (Vernon Supp.1992) is unconstitutional because it violates the due process clause of the 14th Amendment of the United States Constitution and TEX.CONST. art. I § 19 in failing to create a standard to guide law enforcement officers in that the statute states that a person commits an offense if he knowingly or intentionally finances or invests funds which the person "knows or believes are intended to further the commission of an offense listed" in the pertinent act. We follow *Ex parte Guerrero*, 811 S.W.2d 726 (Tex.App.—Corpus Christi 1991, no pet. h.), which held this specific statute not to be unconstitutionally vague. We overrule point of error five.

The judgment of the trial court is affirmed.

AFFIRMED.