**Robert Rodriguez MARTINEZ,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–92–00027–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1993.

Discretionary Review Refused
June 9, 1993.

Thomas L. Royce, Jr., Houston, for appellant.

Rikke Burke, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Robert Rodriguez Martinez, appeals his judgment of conviction for the offense of illegal investment of funds that were intended to further the commission of an offense, namely, possession of a controlled substance, to wit: Marijuana, weighing more than fifty (50) pounds by aggregate weight, including any adulterants and dilutants. TEX.HEALTH & SAFETY CODE ANN. § 481.126 (Vernon 1992). The jury rejected appellant's not guilty plea and the Court assessed punishment at twelve (12) years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fifty thousand (50,000) dollar fine. We affirm.

Acting on information supplied by a confidential informant, Agents Anacleto Botello and Arturo Lopez, of the McAllen Drug Task Force, met with appellant on several occasions from April 8, 1991, to May 18, 1991. They told appellant that they were marijuana suppliers who were looking for a buyer.

Appellant found someone to purchase 1,000 pounds of marijuana from the agents at $625 per pound. The transfer was to take place on May 18, 1991, at a warehouse in Houston. On that date, Agent Lopez picked up appellant at his home in Laferia, Texas, and drove him to Houston. Agent Botello and the informant drove to Houston in a separate car, and six officers kept both vehicles under surveillance at all times. When they arrived in Houston, the four men checked into the Hampton Inn on Mercury Drive. Agents Botello and Lopez told appellant that they were going to the warehouse to check on the load of marijuana, then left him at the hotel with the informant. Actually, the agents had a meeting with members of the Harris County Organized Crime Unit to brief them on the case.

The agents returned to appellant's room around 6:00 p.m. At 7:00 p.m., he received a phone call from the person who had brought the purchase money to Houston. Appellant informed the officers that the money was down the street at the Concord Inn. The four men drove to that hotel in two cars.

Agent Botello and the confidential informant waited in the car, while Agent Lopez and appellant went inside the Concord Inn. After four or five minutes, the two men came back outside, accompanied by another man, identified only as "Smith." They all went to a tractor-trailer that was parked in the hotel parking lot. Smith removed a bag from the cab and handed it to Agent Lopez. Lopez then took the bag to Agent Botello. When Botello saw that the bag contained money, he notified the arrest team. To maintain the agents' cover, they were arrested along with appellant and Smith.

In his sole point of error, appellant attacks the constitutionality of the illegal expenditure or investment statute. He claims that the statute is unconstitutionally vague because it fails to define the term "believes."

The Health and Safety Code provides:

(a) A person commits an offense if the person knowingly or intentionally:

(1) expends funds the person knows are derived from the commission of an offense under section 481.112(c), 481.113(c), 481.114(c), 481.115(c), 481.116(c), 481.117(c), 481.118(c), 481.120(c), 481.121(c).

(2) finances or invests funds the person knows or *believes* are intended

to further the commission of an offense listed in Subdivision (1).

TEX.HEALTH & SAFETY CODE ANN. § 481.126 (Vernon 1992) (emphasis added).

 Whenever an attack upon the constitutionality of a statute is presented for determination, the appellate court starts with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Morris v. State,* 833 S.W.2d 624, 627 (Tex.App.— Houston [14th Dist.] 1992, pet. ref'd). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Granviel,* 561 S.W.2d at 511. It is the duty of this Court to uphold the statute if a reasonable construction can be ascertained that will render it constitutional and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim. App.1979).

 A statute that forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ about its application violates the first essential of due process of law. *Cotten v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App.1985). In examining a criminal statute for vagueness, the first inquiry is whether the ordinary, law-abiding individual received sufficient information from the statute that his or her conduct risked violating a criminal law. *Bynum v. State,* 767 S.W.2d 769, 773 (Tex.Crim.App.1989). A second inquiry is whether the statute provided sufficient notice to law enforcement personnel to prevent arbitrary or discriminating enforcement. *Id.* at 775. A statute is unconstitutionally void for vagueness only when no standard of conduct is obtained at all, or when no core of prohibited activity is defined. *Briggs v. State,* 740 S.W.2d 803, 806 (Tex.Crim.App.1987).

 A statute is not unconstitutionally vague merely because a word or term is not statutorily defined. *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App. 1988). The words challenged must be read in the context in which they are used, according to the rules of grammar and common usage. *Bynum,* 767 S.W.2d at 774.

The term "believes" is defined as "to think or suppose; to entertain as likely or probably true." Webster's New International Dictionary (3d ed. 1981). Applying this definition in the context of section 481.126, the statute quite clearly proscribes a person from intentionally or knowingly supplying money that he knows *or thinks is likely to be* used to further the possession of more than fifty (50) pounds of marijuana.

"Believes" is a term that readily can be understood by a person of common intelligence. Thus, a person of common intelligence can determine with reasonable precision what conduct this statute prohibits. Section 481.126 is not unconstitutionally vague. *Tanner v. State,* 838 S.W.2d 302 (Tex.App.—Corpus Christi 1992, no pet.); *Hough v. State,* 828 S.W.2d 97, 101 (Tex. App.—Beaumont 1992, pet. ref'd); *Stevens v. State,* 817 S.W.2d 800, 804 (Tex.App.— Fort Worth 1991, pet. ref'd); *Guerrero v. State,* 811 S.W.2d 726, 728 (Tex.App.—Corpus Christi 1991, no pet.). Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.