**AFFIRM; and Opinion Filed August 7, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00940-CR**

**COURTNEY PIERCE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-85905-2011**

## OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

Appellant Courtney Pierce was charged by information with driving while intoxicated, a Class B misdemeanor. Appellant pleaded not guilty, and a jury convicted her as charged. The trial court assessed punishment at ninety days in jail, probated for fifteen months and an $800 fine. In four issues, appellant challenges her conviction and alleges the trial court erred by sustaining the State's objection to appellant's evidence, and by overruling appellant's objection to the State's improper closing argument. Appellant also asserts she received ineffective assistance of counsel. For the reasons below, we affirm the trial court's judgment.

## BACKGROUND

Around 2:30 a.m. on August 7, 2011, Plano police officer Ben Waite saw appellant pull out of a gas station and drive the wrong way on the service road of Central Expressway. He immediately pulled her car over. Officer Waite testified that when he approached appellant, he

noticed she had heavy, watery eyes, and there was a strong odor of an alcoholic beverage coming from appellant. When he asked appellant if she had been drinking, she told him she had consumed one drink. Backup police officer Christopher Sanders also noted a strong odor of alcohol. Appellant told him she had come from the Londoner Pub in Allen, Texas. She believed she was in Dallas, rather than Plano. Appellant told Sanders that she had two drinks, a half-pint and a full pint of whisky and ginger ale.

Officer Sanders administered the Standardized Field Sobriety Tests and appellant performed poorly. She showed all six possible clues on the horizontal gaze nystagmus test, well over the decision point of four clues that indicates intoxication. She could not complete either of her attempts in the walk-and-turn test. Sanders ultimately stopped the test because he was afraid she would injure herself. Finally, on the one-leg-stand test, appellant showed two clues, the decision point for intoxication. Officer Sanders then arrested appellant and placed her in the back seat of his police vehicle. While being transported to the Plano City jail, appellant slumped down across the back seat and fell asleep.

Upon arrival at the Plano City jail, Officer Mica Lunt had to assist appellant out of Sander's car. Officer Lunt testified the entire car smelled of alcohol. Appellant almost fell getting out of the car, and Lunt had to place his hands on her shoulders to guide her into the building. Once he got her into the Intoxilyzer room, Officer Lunt noted that appellant had glassy, bloodshot eyes, her speech was slurred, and she had to lean against the wall or table to steady herself. Appellant agreed to take a breath test and eventually, was able to provide two sufficient breath samples. The results of the Intoxilyzer test were not introduced during the State's case-in-chief.

Appellant reserved opening argument until after the State rested its case. During opening statement, appellant's counsel told the jury that appellant had gone to the Londoner Pub to play

pool with a friend. He said two men purchased a drink for appellant and something must have been placed in that drink that caused her to not be in a normal state of mind. He explained that appellant had no memory of anything that happened from the time she sipped that drink until she woke the next morning in the Plano jail. During presentation of her case, Appellant recalled all three police officers and solicited testimony that some of her behavior had been unusual. She also took the stand in her own defense.

Appellant testified she was a helicopter pilot and flew approximately six days a week. She testified that FAA guidelines do not permit a pilot to fly while under the influence of alcohol; a pilot cannot have consumed alcohol within eight hours before a flight; and a pilot's blood-alcohol content must be less than .08. She also testified that a DWI conviction is a serious offense to the FAA that results in the pilot's license being taken away. Appellant said she had personal "rules" when she goes out drinking, including not drinking twelve hours before a flight and always having cab fare or sharing a ride. Appellant admitted that around 10:30 p.m. on August 6, 2011, she met a friend, Cindy Bliss, at the Londoner Pub in Allen, Texas. She testified she had one drink when she first arrived and another drink around midnight. While they were playing pool, two men started talking to her and her friend and bought them each a beer. Appellant took a few sips of beer and started feeling "hot and sweaty." She asserted she did not remember anything from that point forward until she awoke the next morning in jail. She testified she had no memory of leaving the bar, getting into her car, driving, being arrested, or taking the Intoxilyzer test. When she got out of jail, she tried to go to an emergency clinic for a drug test but the clinic was closed. She testified she called other clinics the next day but none could do a "date rape drug test." She maintained she did not voluntarily drink more than the two drinks she ordered and a few sips of beer. She also asserted if she believed she was impaired, she would not have driven her car away from the Londoner Pub.

In rebuttal, the State called Lori Fuller, a technical supervisor with the Southwest Institute of Forensic Science. She explained how the Intoxilyzer 5000 instrument works and verified it was functioning properly on the night of appellant's breath test. Fuller also explained the Intoxilyzer tests only for ethanol, the type of alcohol that is most widely consumed. Appellant's blood alcohol concentration tested at 0.148 and 0.150. Fuller testified that a 130-pound female would have had to consume the amount of alcohol equivalent to six to nine standard alcoholic drinks between 10:30 p.m. and 12:00 a.m., or 10:30 p.m. and 2:00 a.m., to have an alcohol concentration of 0.148 at 3:30 a.m., the time of the sample. She also testified the Intoxilyzer does not test for drugs of any sort and does not show the presence or absence of a "date rape drug" such as Rohypnol.

The jury found appellant guilty of driving while intoxicated. Appellant filed a motion for new trial and motion in arrest of judgment, arguing the verdict was contrary to the law and the evidence. After the trial court denied appellant's motion, she timely filed this appeal.

## DISCUSSION

Appellant raises four issues on appeal. First, appellant argues the trial court erred when it sustained the State's objection to appellant's testimony regarding her drinking habits. Appellant contends such testimony was evidence of a pertinent character trait, was relevant to the offense on trial, and qualified as evidence of her habits to prove that her conduct on a particular occasion would have been in conformity with her habit or routine practice. Second, appellant argues the trial court erred when it overruled her objection that the State made an improper closing argument by arguing outside the evidence. In her third and fourth issues, appellant contends she received ineffective assistance at trial. Appellant complains that although her trial attorney purported to present a defense that appellant was drugged with Rohypnol or a similar drug, her trial counsel failed to present evidence regarding the presence of such a drug in appellant's

system, and the effects of such a drug. Appellant also complains that her trial counsel improperly withdrew his objection to the State's presentation of Fuller as a rebuttal witness.

## A. *Evidence of Habit*

Appellant argues the trial court erred in not allowing her to present testimony regarding her drinking habits to the jury. We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). If the trial court's decision is reasonably supported by the record and correct on any theory of law applicable to the case, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Appellant contends that testimony regarding her drinking habits was pertinent character trait evidence to support her defensive theory that had she not been drugged by Rohypnol or some similar drug, she would not have knowingly entered her vehicle and driven while intoxicated. Generally, character evidence is not admissible to show that a person acted in conformity with a character trait on a particular occasion. TEX. R. EVID. 404(a); *Turner v. State*, 2012 WL 3207291, at *7 (Tex. App.—Fort Worth Aug. 9, 2012, no pet.). However, an accused is allowed to introduce evidence of a specific good character trait to show that it is improbable that she committed the offense charged where that character trait is relevant to the offense. TEX. R. EVID. 404(a)(1)(A); *Melgar v. State*, 236 S.W.3d 302, 306–07 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Evidence of a person's habit is relevant to prove that the conduct of the person on a particular occasion was in conformity with the habit. TEX. R. EVID. 406; *Guerrero v. State*, No. 14-10-00840-CR, 2011 WL 6808314, at *6 (Tex. App.—Houston [14th Dist.] Dec.

–5–

22, 2011, no pet.) (mem. op., not designated for publication). "Evidence of habit and character sometimes appear similar; but while character is a generalized description of a person's disposition, habit describes a person's regular response to a repeated specific situation." *Guerrero*, 2011 WL 6808314, at \*6.

During appellant's testimony, her attorney asked her to tell the jury what her habits were regarding alcohol. The State objected based on relevance and the trial court sustained the objection. Appellant's counsel did not explain why such evidence was admissible, or make an offer of proof of the actual evidence sought to be admitted. Instead, appellant's counsel continued questioning appellant, asking her whether she had any rules that she followed when she went out for a drink. Appellant answered, without objection, that she does not drink within twelve hours of a scheduled flight and always shares a ride or carries cash for a taxi whenever she goes out drinking. She testified that she had the number for a taxi cab company programmed into her phone. Appellant also testified that if she thought she was impaired, she did not drive her car.

Appellant contends she should have been allowed to present evidence that as a responsible helicopter pilot who would lose her license if she were convicted of driving while intoxicated, she always carries cash for a taxi, has a taxi cab company programmed into her telephone, or shares a ride with another person. She also contends she should have been allowed to testify further regarding her drinking habits to show that she would not have knowingly entered her vehicle and driven while intoxicated. However, our review of the record reflects that appellant testified, without objection, to all of these things. It is well settled that an error in admission or exclusion of evidence is cured where the same evidence comes in elsewhere without objection. *See Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); *see also Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (holding that to show harm, the

excluded evidence must be controlling on a material issue and not cumulative of other evidence); *Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd) (holding there is no harm when complained-of evidence was admitted through other testimony). Appellant's counsel did not make an offer of proof with respect to any additional evidence sought to be admitted so we are unable to determine what evidence, if any, was excluded. Having nothing to review, we overrule appellant's first issue.

## B. Improper Closing Argument

In her second issue, appellant argues the trial court erred when it overruled her objection that the State's closing argument was improper. Even though appellant's trial defense was based on the theory that she must have been drugged, she now complains it was outside the evidence for the State to argue she was not drugged because there was no trial evidence that she was drugged. Permissible jury argument generally falls into one of four areas: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from the evidence; (3) responses to argument by defense counsel; and (4) pleas for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). The State is permitted to draw reasonable inferences from the evidence and is afforded wide latitude in its jury argument so long as the argument is supported by the evidence and is made in good faith. *Griffin v. State*, 554 S.W.2d 688, 690 (Tex. Crim. App. 1977); *Jimenez v. State*, 240 S.W.3d 384, 407 (Tex. App.—Austin 2007, pet. ref'd).

The record contains no evidence that appellant had a date rape drug in her system. However, the record reflects that appellant's defense was based on the theory that something must have been placed in her drink because she never would have voluntarily driven while intoxicated. In his opening argument, appellant's trial counsel told the jury they believed something had been placed in appellant's drink. Appellant then testified she did not remember

what happened on the night in question. She also testified of her efforts to be drug tested once she was released from jail. During closing argument, appellant's trial counsel conceded appellant voluntarily ordered and drank two drinks, but argued that appellant's actions during the rest of the evening were not voluntary. He argued the State had not proved beyond a reasonable doubt that appellant voluntarily drove her car while intoxicated.

In its closing argument, the State first reviewed the evidence of appellant's intoxication. The State then responded to the closing argument of appellant's trial counsel, stating "he wants you to believe that the defendant was drugged." The State asked the jury to consider all the evidence that appellant was not drugged and use their common sense, keeping in mind that the purpose of date rape drugs is to make the victim incapable of fighting off a rapist. Defense counsel did not object the first time the State discussed the purpose of date rape drugs. *See* TEX. R. APP. P. 33.1 (requiring a timely objection in order to preserve error); *see also Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010). The second time the State reminded the jury of the purpose of date rape drugs, appellant's counsel objected to the State arguing outside of the evidence. The trial court overruled appellant's objection, stating the State was making a reasonable deduction. The State then referenced the purpose of date rape drugs a third time, without objection by defense counsel.

To preserve a complaint about improper jury argument, a defendant must object each time the impermissible argument is made, or the complaint is waived. *See Davis*, 329 S.W.3d at 823; *see also Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (defendant's failure to object to a jury argument forfeits his right to complain about the argument on appeal). We conclude appellant failed to preserve her complaint for appeal. *Davis*, 329 S.W.3d at 823. Even if we were to reach the merits of this allegation, appellant's claim would fail because the

prosecutor's argument was a reasonable deduction from the evidence and an answer to the argument of opposing counsel. *Id*. Appellant's second issue is overruled.

## C. Ineffective Assistance of Counsel

In her third and fourth issues, appellant maintains she was denied effective assistance of counsel because her trial counsel: (1) failed to call an expert witness to develop evidence that she had Rohypnol in her system; (2) failed to call an expert witness to testify as to the effects of Rohypnol and similar date rape drugs; and (3) withdrew his objection to the State's rebuttal witness. In response, the State argues the record is inadequate to support appellant's complaints.

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688–92; *Lopez*, 343 S.W.3d at 142. Appellant bears the burden of proving her claims by a preponderance of the evidence. *Lopez*, 343 S.W.3d at 142. It is not enough to merely show, through the benefit of hindsight, that trial counsel's actions were questionable. *Id*. at 142–43.

Review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001). To overcome the presumption of reasonable professional assistance, "any allegation of

ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740 (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

Appellant filed a motion for new trial; however, the motion did not assert any claims that appellant received ineffective assistance of trial counsel. There is no record of a hearing at which appellant's trial counsel was afforded the opportunity to explain his actions or trial strategy. When no evidentiary record is developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective).[1]

In her third issue, appellant argues her trial counsel's ineffectiveness prevented presentation of her defense that she did not engage in the voluntary act of driving while intoxicated due to being drugged by a date rape drug. She contends her trial attorney was ineffective because he failed to present expert testimony regarding the presence of Rohypnol in appellant's system and the effects that Rohypnol or a similar drug has on a person. "A criminal defense lawyer has a duty to make an independent investigation of the facts of a case, which includes seeking out and interviewing potential witnesses." *Brennan v. State*, 334 S.W.3d 64, 71 (Tex. App.—Dallas 2009, no pet.). Here, the record is silent as to the extent of trial counsel's investigation of the facts of this case and the effects of Rohypnol. Although appellant opines that an expert would not be difficult to find, there is no evidence that such an expert was available to testify at trial or that such testimony would have been beneficial to appellant. *See Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986); *Garza v. State*, 298 S.W.3d 837, 842

---

[1] Absent a record from a hearing on a motion for new trial, a reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. For that reason, the Texas Supreme Court has repeatedly stated that such claims are more appropriately urged in a hearing on an application for a writ of habeas corpus. *See Lopez*, 343 S.W.3d at 143.

(Tex. App.—Amarillo 2009, no pet.). Ascertaining trial counsel's reasoning concerning these issues would require us to speculate, which we cannot do. *Brennan*, 334 S.W.3d at 73. In the face of this silent record, we conclude that appellant failed to overcome the strong presumption of reasonable assistance. *See Thompson*, 9 S.W.3d at 813. Appellant's third issue is overruled.

In her fourth issue, appellant complains that her trial counsel was ineffective because he withdrew his objection to the State's rebuttal witness. At the close of the defense's case, the State called Lori Fuller, Technical Supervisor for Southwest Institute of Forensic Sciences, as a rebuttal witness. Appellant's trial counsel objected, arguing that Fuller's testimony would not augment or rebut any of the testimony heard in the trial. The trial court questioned counsel's objection, noting that appellant's testimony was that she was not intoxicated and perhaps Rohypnol was involved. The State argued that Fuller's testimony would directly rebut appellant's testimony and show that it was alcohol in her system that caused her to be intoxicated. At that point, appellant's trial counsel withdrew his objection.

The record is silent as to why trial counsel decided to withdraw his objection to the State's rebuttal witness. An attorney's decision to withdraw his objection to a witness is a strategic decision. We cannot speculate beyond the record provided, and must presume the actions taken by trial counsel were part of a strategic plan for representing his client. *Brennan*, 334 S.W.3d at 74. Due to the lack of evidence in the record concerning trial counsel's reasons for withdrawing his objection to Fuller's rebuttal testimony, we are unable to conclude that appellant's trial counsel's performance was deficient. Appellant's fourth issue is overruled.

**CONCLUSION**

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/David Lewis/
DAVID LEWIS
JUSTICE


Do Not Publish
Tex. R. App. P. 47

120940F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

COURTNEY PIERCE, Appellant

No. 05-12-00940-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-85905-2011.
Opinion delivered by Justice Lewis.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of August, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE