**AFFIRMED and Opinion Filed October 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00718-CR**

_____

**EX PARTE MARCUS GRIFFIN**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-83303-2021**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Carlyle
Opinion by Chief Justice Burns

Marcus Griffin appeals the denial of his pretrial habeas petition, in which he

facially challenged the constitutionality of the online solicitation of a minor statute.

We hold, following the guidance of our sister courts, that the statute is neither vague

nor overbroad, as Griffin contends. We therefore affirm.

### I. BACKGROUND

In 2021, Griffin was indicted for online solicitation of a minor. The

indictment alleged that Griffin had knowingly solicited Lee McMillian via the

Internet and electronic messaging to meet him, believing that McMillian was a minor

under seventeen named Ava, and with the intent to have sex with McMillian. These

allegations tracked the online solicitation statute. *See* TEX. PENAL CODE § 33.021.

Griffin filed a pretrial habeas application to dispute the constitutionality of section 33.021. He targeted the second of the statute's two definitions of the term "minor":

(1) "Minor" means:

    (A) an individual who is younger than 17 years of age; or

    (B) an individual whom the actor believes to be younger than 17 years of age.

*Id.* § 33.021(a)(1)(B). Griffin argued this second definition was unconstitutional because it was both overbroad and vague.

The trial court denied Griffin's habeas application, and Griffin appealed.

## II. STANDARD OF REVIEW

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). "This remedy is reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Id.* at 891–92 (internal quotation omitted). Ordinarily, a facial challenge to the statute defining the offense can be brought on pretrial habeas. *Id.* at 892.

Whether a statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). "When the constitutionality of a statute is attacked, we usually begin with the presumption

that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id.* at 14–15. The burden normally rests upon the person challenging the statute to establish its unconstitutionality. *Id.* at 15. However, when the government seeks to restrict and punish speech based on its content, the usual presumption of constitutionality is reversed. *Id.* Content-based regulations (those laws that distinguish favored from disfavored speech based on the ideas expressed) are presumptively invalid, and the government bears the burden to rebut that presumption. *Id.*

### III. VAGUENESS

Griffin first attacks the vagueness of the statute with regard to the second definition of the term "minor." He contends it is fatally vague because this second definition hinges on the actor's belief that the individual being solicited is under seventeen. Belief, he says, is "too amorphous" of a standard "to comport with constitutional principles." And according to Griffin, vagueness concerns are heightened because the belief-oriented definition of "minor" allows a conviction based solely on what the actor is thinking, which implicates First Amendment protections for free thought and expression.

When a law implicates First Amendment freedoms, "[g]reater specificity is required" to survive a vagueness challenge. *State v. Doyal*, 589 S.W.3d 136, 146 (Tex. Crim. App. 2019). Thus, we begin by determining whether the statutory subsections at issue implicate First Amendment freedoms.

Griffin maintains that the statute's definition of minor is an attempt to criminalize a belief. But the statute's belief-oriented definition of minor is not, in itself, an offense at all; it does not criminalize the belief that an individual is under the age of seventeen. It is simply a definition—and one that is only actualized into a criminal offense when it is put to work in the other subsections of the statute.

The subsection under which Griffin is being prosecuted is 33.021(c). *See State v. Johnson*, 475 S.W.3d 860, 864 (Tex. Crim. App. 2015). That provision "prohibits and punishes an actor who uses electronic communications to 'solicit' a minor, 'to meet another person, including the actor, with the intent that the minor will engage in' certain sexual behavior." *Lo*, 424 S.W.3d at 16 (quoting TEX. PENAL CODE § 33.021(c)). Under this subsection, "it is the *conduct* of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense." *Id.* at 16–17.

This sort of conduct enjoys little constitutional protection, and statutes forbidding such conduct have routinely been upheld against First Amendment challenges. *Id.* at 16. "One of the few recognized categories of speech that is fully outside the protection of the First Amendment is speech or writing used as an integral part of conduct in violation of a valid criminal statute." *Ingram*, 533 S.W.3d at 897 (internal quotation omitted). Offers to engage in illegal transactions are categorically excluded from First Amendment protection, and many long-established criminal proscriptions—such as laws against conspiracy, incitement, and solicitation—criminalize speech that is intended to induce illegal activities. *Id.* The

–4–

Supreme Court has recognized speech as exempt from First Amendment protection when it was the commission of a sort of inchoate crime—an act looking toward the commission of another crime that the legislature can validly punish. *Id.*

Griffin acknowledges the precedent that held subsection 33.021(c) relates to conduct rather than protected speech, but he attempts to sidestep this authority by limiting the extent of his attack. In his brief, he writes, "Appellant specifically does not challenge § 33.021(c)," but rather he only challenges the belief-oriented definition of minor, which he says allows the State to police thoughts.

Griffin cannot transform section 33.021 into a "thought crime" simply by limiting the scope of his challenge to a purely mental aspect of the offense. By his logic, every criminal provision that demands a mens rea should be subject to heightened First Amendment scrutiny simply because some aspect of the provision relates to mental processes. This logic has it exactly backwards. Requiring a culpable mental state is favored by our constitutional tradition, *see Morissette v. United States*, 342 U.S. 246, 250–51 (1952), not disfavored for abridging the freedoms of thought and expression: "While strict-liability offenses are not unknown to the criminal law and do not invariably offend constitutional requirements, the limited circumstances in which Congress has created and this Court has recognized such offenses attest to their generally disfavored status." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 437–38 (1978) (citations omitted).

It is true, as Griffin alleges, that the statute allows prosecution based on the mistaken belief that the individual solicited is a minor when the person is in fact an adult. But this form of "solicitation still qualifies as an integral part of conduct in violation of a valid criminal statute if the actor is mentally culpable with respect to the solicited person's age, even if the solicited person turns out to be an adult." *Ingram*, 533 S.W.3d at 898–99 (internal quotation omitted). As the *Ingram* court wrote,

> The Supreme Court has made clear that "[o]ffers to . . . engage in illegal activity do not acquire First Amendment protection when the offeror is mistaken about the factual predicate of his offer." One characteristic of inchoate crimes that carries over into First Amendment jurisprudence is that the "impossibility of completing the crime because the facts were not as the defendant believed is not a defense." Other courts have specifically held that the First Amendment does not protect a defendant who solicits someone he believes is a child who turns out to be an adult. Distinguishing between "the defendant who attempts to induce an individual who turns out to be a minor from the defendant who, through dumb luck, mistakes an adult for a minor" would "bestow a windfall to one defendant when both are equally culpable."
>
> This discussion demonstrates the constitutionality of a provision that punishes the solicitation of a "minor" who meets part (B) of the statutory definition—an individual whom the actor believes to be younger than 17 years of age.

*Id.* at 899 (citations omitted). The *Ingram* court thus found the definition that Griffin contests here to be free from friction with the First Amendment. While much about the statute has changed in subsequent amendments, this definition remains the same as when the *Ingram* court ruled it constitutional.

–6–

But even though this definition does not offend the First Amendment, is it nonetheless unconstitutionally vague? We think it is not.

A statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). Thus, "[t]o pass constitutional muster, a law that imposes criminal liability must be sufficiently clear (1) to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) to establish determinate guidelines for law enforcement." *Doyal*, 589 S.W.3d at 146. "However, a statute is not unconstitutionally vague merely because the words or terms used are not specifically defined." *Ex parte Vazquez*, 605 S.W.3d 248, 251 (Tex. App.—Austin 2020, pet. ref'd) (quoting *Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988)). "Moreover, due process does not demand that a statute provide 'perfect clarity and precise guidance.'" *Id.* (quoting *Williams*, 553 U.S. at 304). "Rather, due process requires 'fair warning as to what is prohibited.'" *Id.* (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 114 (1972)). "For example, the Supreme Court has 'struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"—wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.'" *Id.* at 251–52 (quoting *Williams*, 553 U.S. at 306, and in turn citing *Reno v. Am. Civil*

*Liberties Union*, 521 U.S. 844, 870–871 & n.35 (1997), and *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971)).

Under these standards, the Third Court of Appeals recently rejected a vagueness challenge to the belief-oriented definition of minor. *Id.* at 253. "Whether someone held a belief or had an intent is a true-or-false determination, not a subjective judgment such as whether conduct is 'annoying' or 'indecent.'" *Id.* at 252 (quoting *Williams*, 553 U.S. at 306). "To be sure, it may be difficult in some cases to determine whether these clear requirements have been met." *Id.* (quoting *Williams*, 553 U.S. at 306). "But courts and juries every day pass upon knowledge, belief and intent—the state of men's minds—having before them no more than evidence of their words and conduct, from which, in ordinary human experience, mental condition may be inferred." *Id.* (quoting *Williams*, 553 U.S. at 306). "The term 'believes' has a common and ordinary meaning of 'to think or suppose; to entertain as likely or probably true.'" *Id.* at 253 (quoting WEBSTER'S NEW INTERNATIONAL DICTIONARY (3d ed. 1981)). Belief "is a term that readily can be understood by a person of common intelligence," and "a person of common intelligence can determine with reasonable precision what conduct this statute prohibits." *Id.* (quoting *Martinez v. State*, 852 S.W.2d 665, 667 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd)).

We agree with *Vasquez* and adopt its reasoning as our own. Belief is not a fatally vague standard as used in this statute. A reader of ordinary intelligence would

come away from the statute reasonably informed of the belief determination that would fix criminal liability, and the definition in question creates no more potential for discriminatory enforcement than any other code provision with a culpable mental state. We therefore overrule Griffin's first issue.

## IV. OVERBREADTH

In his second issue, Griffin contends the statute's definition of "minor" is overbroad.[1] In this issue, Griffin repeats many of the themes from his first issue. He again argues that when the online solicitation statute defines the term "minor" in terms of the actor's belief, this is an attempt to police thoughts, which is protected by the First Amendment. He further argues that the statute chills protected speech between adults.

A statute is facially invalid under the First Amendment's overbreadth doctrine if it prohibits a "substantial" amount of protected speech "judged in relation to the statute's plainly legitimate sweep." *Lo*, 424 S.W.3d at 18 (quoting *Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003)). The overbreadth doctrine is "strong medicine" that is used "sparingly and only as a last resort." *State v. Johnson*, 475 S.W.3d 860, 865 (Tex. Crim. App. 2015). The person challenging the statute must demonstrate from its text and from actual fact that a substantial number of instances exist in which the law cannot be applied constitutionally. *Id.* The Supreme Court generally does not

---

[1]He also asserts the statute is underinclusive, but he did not preserve that argument below. *See* TEX. R. APP. P. 33.1.

–9–

strike down laws as overbroad "where the parties fail to describe the instances of arguable overbreadth of the contested law." *Id.* (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 n.6 (2008)).

Griffin has failed to explore the instances of overbreadth wherein the statute might be applied to protected activity, and thus his challenge could arguably be resolved on that basis alone. Nonetheless, the Texas Court of Criminal Appeals appears to have done much of Griffin's work for him in *Ingram*, wherein the court explored several potential applications of the statute:

> The following scenarios, for example, would *not* qualify as a representation that the complainant is under age 17 because the complainant would *not* be asserting underage status as a matter of fact:
>
> (a) The defendant and complainant are both adults. They both know that the other is an adult and are aware of each other's knowledge in that regard. The complainant makes statements that she is under age 17.
>
> (b) The complainant says that she is an adult but will pretend to be a child. The complainant makes further statements consistent with pretending to be a child that do not, from the perspective of a reasonable person in the defendant's shoes, undermine the earlier claim to be an adult.
>
> On the other hand, the following scenarios are examples of a complainant representing herself to be underage:
>
> (c) The complainant is an undercover police officer who is actually 40 years old. She says that she is 16 years old. The defendant does not know the complainant's actual age.
>
> (d) The complainant initially says that she is an adult but later makes statements that she is under age 17 that, from the perspective of a reasonable person in the defendant's shoes, undermines the truthfulness

–10–

of the earlier claim of adult status. The defendant's only knowledge regarding the complainant's age comes from these statements.

(e) The complainant is an undercover police officer who is actually 40 years old. She says that she is 16 years old. Unbeknownst to her, however, the defendant knows the complainant's actual age and knows that she is unaware of his knowledge of her age.

These examples are illustrative and not necessarily exhaustive. Nevertheless, we observe that, of these examples, only example (e) involves a situation in which the defendant's solicitation of the complainant might constitute an offense under the statute *and* might be protected by the First Amendment.

533 S.W.3d at 900. The court went on to describe this final scenario as rare if not farfetched. *See id.* As this exercise shows, the potential for improper application is limited relative to the statute's legitimate reach.

There is substantial authority to support this view. Several courts have determined section 33.021 is not overbroad generally. *See Ex parte Nelson*, No. 01-19-00325-CR, 2019 WL 6315197, at *5 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, pet. ref'd) (mem. op., not designated for publication) (collecting upwards of 20 cases rejecting overbreadth challenges to the statute). Other courts have rejected overbreadth challenges to the belief-oriented definition of minor. In *Ex parte Moy*, much like here, the appellant argued that the definition of minor was an attempt to "regulate[] a defendant's thoughts" and that, in light of this definition, "the statute prohibits communications with persons who are not actually minors and thus criminalizes protected speech between adults." 523 S.W.3d 830, 837 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). The court disagreed and held instead "that

–11–

the compelling interest of protecting children from sexual predators, i.e., the law's legitimate sweep, is well served by the prohibition on child solicitation in subsection (c)," whereas the definition's potential to interfere with protected communication between adults is "insubstantial." *Id.* The court reached a similar conclusion in *Ex Parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at \*5 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication) ("The fact that the statute defines 'minor' to include otherwise legal communications with someone who may actually be over the age of 17 would not make the statute unconstitutionally overbroad because the 'overbreadth,' if any, would not be substantial when compared to the compelling and legitimate purpose of the statute.").

We agree with these authorities and conclude that the statute's second definition of minor is not overbroad. We overrule Griffin's second issue.

## V. CONCLUSION

For the foregoing reasons, we affirm the trial court's order denying habeas relief.

/Robert D.Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220718F.P05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS GRIFFIN, Appellant

No. 05-22-00718-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-83303-2021.
Opinion delivered by Chief Justice Robert Burns. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of October, 2022.